IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TITANIDE VENTURES, LLC,** | § | Case No.: 4:10-cv-00265 |
| | § | |
| **Plaintiff,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| **AT&T, INC., HP ENTERPRISE** | § | |
| **SERVICES, LLC, LAYERED** | § | |
| **TECHNOLOGIES, INC., BARRACUDA** | § | |
| **NETWORKS, INC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Titanide Ventures, LLC for its Complaint against AT&T, Inc.; HP Enterprise Services, LLC; Layered Technologies, Inc.; and Barracuda Networks, Inc. hereby alleges as follows:

**THE PARTIES**

1. Plaintiff Titanide Ventures, LLC, ("Titanide") is a limited liability corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 911 NW Loop 281, Suite 211-30, Longview, TX 75604.

2. On information and belief, Defendant AT&T, Inc. ("AT&T") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 208 South Akard Street, Dallas, TX 75202.  AT&T has appointed CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201, as its agent for service of process.

3. On information and belief, Defendant HP Enterprise Services, LLC, ("HP Enterprise") is a corporation organized and existing under the laws of the State of Delaware,

having its principal place of business at 5400 Legacy Dr., Plano, TX 75024. HP Enterprise has appointed CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201, as its agent for service of process.

4. On information and belief, Defendant Layered Technologies, Inc. ("Layered") is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 5085 W Park Blvd, Suite #700, Plano, TX 75093. Layered has appointed Todd Abrams, 1647 Witt Rd., Ste 201, Frisco, TX 75034, as its agent for service of process.

5. On information and belief, Defendant Barracuda Networks, Inc. ("Barracuda") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3175 South Winchester Boulevard, Campbell, California 95008. Barracuda has appointed Dean Drako, 3175 South Winchester Boulevard, Campbell, California 95008, as its agent for service of process.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 *et seq*. This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§1331 and 1338(a).

7. This Court has specific and/or general personal jurisdiction over Defendants because they have committed acts giving rise to this action within this judicial district and/or have established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have committed acts within this judicial district giving rise to this action, and continue to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

///

///

## CLAIM 1

### INFRINGEMENT OF U.S. PATENT 6,714,968

9. Titanide re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-8 above as if fully set forth herein.

10. On March 30, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,714,968 ("the '968 patent") entitled "Method and System for Seamless Access to a Remote Storage Server Utilizing Multiple Access Interfaces Executing on the Remote Server." A true and correct copy of the '968 patent is attached hereto as Exhibit A.

11. Titanide is the owner and assignee of all right, title, and interest in and to the '968 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12. On information and belief, Defendant AT&T has been and now is infringing the '968 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '968 patent, including but not limited to AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T indirectly infringes by contributing to its customers' infringement of AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T indirectly infringes by actively inducing its customers to use AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T knew or should have known its actions would induce and/or contribute to infringement of the '968 patent.

13. On information and belief, Defendant HP Enterprise has been and now is infringing the '968 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '968 patent, including but not limited to Storage Management Services. On information and

belief, Defendant HP Enterprise indirectly infringes by contributing to its customers' infringement of Storage Management Services. On information and belief, Defendant HP Enterprise indirectly infringes by actively inducing its customers to use Storage Management Services. On information and belief, Defendant HP Enterprise knew or should have known its actions would induce and/or contribute to infringement of the '968 patent.

14. On information and belief, Defendant Layered has been and now is infringing the '968 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '968 patent, including but not limited to LT Depot. On information and belief, Defendant Layered indirectly infringes by contributing to its customers' infringement of LT Depot. On information and belief, Defendant Layered indirectly infringes by actively inducing its customers to use LT Depot. On information and belief, Defendant Layered knew or should have known its actions would induce and/or contribute to infringement of the '968 patent.

15. On information and belief, Defendant Barracuda has been and now is infringing the '968 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '968 patent, including but not limited to Barracuda Backup Service. On information and belief, Defendant Barracuda indirectly infringes by contributing to its customers' infringement of Barracuda Backup Service. On information and belief, Defendant Barracuda indirectly infringes by actively inducing its customers to use Barracuda Backup Service. On information and belief, Defendant Barracuda knew or should have known its actions would induce and/or contribute to infringement of the '968 patent.

16. On information and belief, Defendants will continue to infringe the '968 patent unless enjoined by this Court.

17. Defendants' acts of infringement have damaged Titanide in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendants' infringement of Titanide's rights under the '968 patent will continue to damage Titanide causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## CLAIM 2

## INFRINGEMENT OF U.S. PATENT 6,735,623

18. Titanide re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-17 above as if fully set forth herein.

19. On May 11, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,735,623 ("the '623 patent") entitled "Method and System For Accessing A Remote Storage Area." A true and correct copy of the '623 patent is attached hereto as Exhibit B.

20. Titanide is the owner and assignee of all right, title, and interest in and to the '623 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

21. On information and belief, Defendant AT&T has been and now is infringing the '623 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '623 patent, including but not limited to AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T indirectly infringes by contributing to its customers' infringement of AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T indirectly infringes by actively inducing its customers to use AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T knew or should have known its actions would induce and/or contribute to infringement of the '623 patent.

22. On information and belief, Defendant HP Enterprise has been and now is infringing the '623 patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, making, using, importing, offering to sell and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '623 patent, including but not limited to Storage Management Services. On information and belief, Defendant HP Enterprise indirectly infringes by contributing to its customers' infringement of Storage Management Services. On information and belief, Defendant HP Enterprise indirectly infringes by actively inducing its customers to use Storage Management Services. On information and belief, Defendant HP Enterprise knew or should have known its actions would induce and/or contribute to infringement of the '623 patent.

23. On information and belief, Defendant Layered has been and now is infringing the '623 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '623 patent, including but not limited to LT Depot. On information and belief, Defendant AT&T indirectly infringes by contributing to its customers' infringement of AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T indirectly infringes by actively inducing its customers to use AT&T Synaptic Storage as a Service. On information and belief, Defendant AT&T knew or should have known its actions would induce and/or contribute to infringement of the '623 patent.

24. On information and belief, Defendant Barracuda has been and now is infringing the '623 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell and/or selling in the United States data storage products and/or services that embody the inventions claimed in the '623 patent, including but not limited to Barracuda Backup Service. On information and belief, Defendant Barracuda indirectly infringes by contributing to its customers' infringement of Barracuda Backup Service. On information and belief, Defendant Barracuda indirectly infringes by actively inducing its customers to use Barracuda Backup Service. On information and belief,

Defendant Barracuda knew or should have known its actions would induce and/or contribute to infringement of the '623 patent.

25. On information and belief, Defendants will continue to infringe the '623 patent unless enjoined by this Court.

26. Defendants' acts of infringement have damaged Titanide in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendants' infringement of Titanide's rights under the '623 patent will continue to damage Titanide causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

27. Wherefore, Titanide respectfully requests that this Court enter judgment against Defendants as follows:

   a. For judgment that Defendants have infringed and continue to infringe the claims of the '968 and '623 patents;

   b. For preliminary and permanent injunction against each Defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '968 and '623 patents;

   c. For an accounting of all damages caused by Defendants' acts of infringement;

   d. For a judgment and order requiring each Defendant to pay Titanide its damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '968 and '623 patents as provided under 35 U.S.C. §284;

   e. For a judgment and order finding this to be an exceptional case, and awarding Titanide attorney fees under 35 U.S.C. §285; and

   f. For such relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

28. Titanide demands a trial by jury of all issues triable by a jury.

Dated: May 6, 2011                    Respectfully submitted,

*s/ Christopher D. Banys*
Christopher D. Banys - **Lead Attorney**

THE LANIER LAW FIRM, P.C.
Christopher D. Banys   SBN: 230038 (California)
Daniel W. Bedell       SBN: 254912 (California)
Carmen M. Aviles       SBN: 251993 (California)
2200 Geng Road, Suite 200
Palo Alto, CA 94303
(650) 322-9100        (650) 322-9103 (fax)
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com
cma@lanierlawfirm.com

THE LANIER LAW FIRM, P.C.
W. Mark Lanier       SBN: 11934600
Dara G. Hegar        SBN: 24007280
6810 FM 1960 West
Houston, Texas 77069
(713) 659-5200       (713) 659-2204 (fax)
wml@lanierlawfirm.com
dgh@lanierlawfirm.com