IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TITANIDE VENTURES, LLC, | § | |
| | § | |
| Titanide, | § | |
| | § | |
| | § | Case No.: 4:11-cv-00265-MHS |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| AT&T, INC., HP ENTERPRISE | § | |
| SERVICES, LLC, LAYERED | § | |
| TECHNOLOGIES, INC., BARRACUDA | § | |
| NETWORKS, INC. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT HP ENTERPRISE SERVICES, LLC'S ANSWER TO TITANIDE'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant HP Enterprise Services, LLC ("HP Enterprise") hereby files its Answer to the Complaint for Patent Infringement filed by Plaintiff, Titanide Ventures, LLC's ("Titanide") in the above-captioned matter, and states as follows:

## ANSWER

## THE PARTIES

1.  HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2.  HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies them.

3.  HP Enterprise admits that it is organized and existing under the laws of the State of Delaware, and that its principal place of business is at 5400 Legacy Dr., Plano, Texas

75024. HP Enterprise admits that it has appointed CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201, as its agent for service of process.

4. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies them.

5. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

6. HP Enterprise admits that Titanide avers that this is an action arising under the patent laws of the United States, title 35, United States Code. HP Enterprise admits that this Court has jurisdiction over the subject matter of this action.

7. HP Enterprise admits the allegations of paragraph 7 with respect to HP Enterprise. HP Enterprise is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 7 of the Complaint with respect to any of the other Defendants in this action, and therefore denies such allegations.

8. HP Enterprise admits the allegations of paragraph 7 with respect to HP Enterprise. HP Enterprise is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 7 of the Complaint with respect to any of the other Defendants in this action, and therefore denies such allegations.

## CLAIM 1

## INFRINGEMENT OF U.S. PATENT 6,714,968

9. HP Enterprise incorporates by reference its answers to the allegations set forth in paragraphs 1-8 above as if fully set forth herein.

10. HP Enterprise admits that, on its face, the United States Patent No. 6,714,968 ("the '968 patent") entitled "Method and System for Seamless Access to a Remote Storage Server Utilizing Multiple Access Interfaces Executing on the Remote Server," was issued on March 30, 2004, and that Titanide avers that a copy of the '968 patent is attached as Exhibit A to the Complaint.

11. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies them.

12. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies them.

13. HP Enterprise denies each and every allegation contained in paragraph 13 of the Complaint.

14. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies them.

15. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies them.

16. HP Enterprise denies each and every allegation of paragraph 16 with respect to HP Enterprise. HP Enterprise is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 16 of the Complaint with respect to any of the other Defendants in this action, and therefore denies such allegations.

17. HP Enterprise denies each and every allegation of paragraph 17 with respect to HP Enterprise. HP Enterprise is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 17 of the Complaint with respect to any of the other Defendants in this action, and therefore denies such allegations.

## CLAIM 2

## INFRINGEMENT OF U.S. PATENT 6,735,623

18. HP Enterprise incorporates by reference its answers to the allegations set forth in paragraphs 1-17 above as if fully set forth herein.

19. HP Enterprise admits that, on its face, the United States Patent No. 6,735,623 ("the '623 patent") entitled "Method and System for Accessing A Remote Storage Area," was issued on May 11, 2004, and that Titanide avers that a copy of the '623 patent is attached as Exhibit B to the Complaint.

20. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies them.

21. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies them.

22. HP Enterprise denies each and every allegation contained in paragraph 22 of the Complaint.

23. HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies them.

24.     HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies them.

25.     HP Enterprise denies each and every allegation of paragraph 25 with respect to HP Enterprise.  HP Enterprise is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 25 of the Complaint with respect to any of the other Defendants in this action, and therefore denies such allegations.

26.     HP Enterprise denies each and every allegation of paragraph 26 with respect to HP Enterprise.  HP Enterprise is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 26 of the Complaint with respect to any of the other Defendants in this action, and therefore denies such allegations.

## PRAYER FOR RELIEF

To the extent a response is required to Titanide's prayer for relief, HP Enterprise admits that Titanide seeks various forms of relief in this action.  HP Enterprise denies that Titanide is entitled to any relief in this action to the extent such relief relates to HP Enterprise.  HP Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Titanide is entitled to relief with respect to any of the other Defendants in this action, and therefore denies such allegations.

Additionally, all allegations of the Complaint not expressly admitted herein are denied.

## DEMAND FOR A JURY TRIAL

HP Enterprise admits that Titanide requests a trial by jury, but denies that Titanide is entitled to any relief in this action, including, but not limited to, all relief that Titanide requests in its Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES TO TITANIDE'S COUNT 1

HP Enterprise asserts the following affirmative and other defenses to Titanide's claim of infringement of the '968 patent, and reserves the right to amend its Answer as additional information becomes available and additional defenses become apparent.

### First Defense
### (No Infringement)

1. HP Enterprise does not infringe and has not infringed, either directly, contributorily, or by inducement, any claim of the '968 Patent, either literally or under the doctrine of equivalents.

### Second Defense
### (Invalidity)

2. The claims of the '968 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense
### (Limitation on Damages)

3. Titanide's recovery for alleged infringement of the '968 Patent, if any, is limited to alleged infringements committed no more than six years before the filing of the Complaint pursuant to 35 U.S.C. § 286.

### Fourth Defense
### (Waiver and/or Equitable Estoppel)

4. Titanide's claims are barred by the doctrines of waiver and equitable estoppel.

### Sixth Defense
### (Laches)

5. Titanide's claims are limited by the doctrine of laches.

### Seventh Defense
### (Unclean Hands)

6. The claims of the '968 Patent are unenforceable under the equitable doctrine of unclean hands.

### Eighth Defense
### (Prosecution History Estoppel)

7. Titanide's claims are barred under the doctrine of prosecution history estoppel.

### Ninth Defense
### (Government Sales)

8. Titanide's claims are limited under 28 U.S.C. § 1498.

### Tenth Defense
### (Adequate Remedy at Law)

9. Although HP Enterprise denies that Titanide is entitled to any relief in this action, Titanide's request for an injunction or other equitable relief is barred because Titanide has an adequate remedy at law; therefore, no basis exists upon which to grant equitable relief.

### Eleventh Defense
### (Other Applicable Defenses)

10. HP Enterprise expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

**AFFIRMATIVE AND OTHER DEFENSES TO TITANIDE'S COUNT 2**

HP Enterprise asserts the following affirmative and other defenses to Titanide's claim of infringement of the '623 patent, and reserves the right to amend its Answer as additional information becomes available and additional defenses become apparent.

## First Defense
## (No Infringement)

1. HP Enterprise does not infringe and has not infringed, either directly, contributorily, or by inducement, any claim of the '623 Patent, either literally or under the doctrine of equivalents.

## Second Defense
## (Invalidity)

2. The claims of the '623 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Third Defense
## (Limitation on Damages)

3. Titanide's recovery for alleged infringement of the '623 Patent, if any, is limited to alleged infringements committed no more than six years before the filing of the Complaint pursuant to 35 U.S.C. § 286.

## Fourth Defense
## (Waiver and/or Equitable Estoppel)

4. Titanide's claims are barred by the doctrines of waiver and equitable estoppel.

## Sixth Defense
## (Laches)

5. Titanide's claims are limited by the doctrine of laches.

## Seventh Defense
## (Unclean Hands)

6. The claims of the '623 Patent are unenforceable under the equitable doctrine of unclean hands.

**Eighth Defense**
**(Prosecution History Estoppel)**

7.     Titanide's claims are barred under the doctrine of prosecution history estoppel.

**Ninth Defense**
**(Government Sales)**

8.     Titanide's claims are limited under 28 U.S.C. § 1498.

**Tenth Defense**
**(Adequate Remedy at Law)**

9.     Although HP Enterprise denies that Titanide is entitled to any relief in this action, Titanide's request for an injunction or other equitable relief is barred because Titanide has an adequate remedy at law; therefore, no basis exists upon which to grant equitable relief.

**Eleventh Defense**
**(Other Applicable Defenses)**

10.    HP Enterprise expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

**DEFENDANT HP ENTERPRISE'S COUNTERCLAIMS**

HP Enterprise Services, LLC ("HP Enterprise"), by and through its attorneys, asserts the following counterclaims against Titanide Ventures, LLC ("Titanide"):

**THE PARTIES**

1.     HP Enterprise Services, LLC ("HP Enterprise") is a Delaware corporation with a principal place of business at 5400 Legacy Dr., Plano, Texas 75024.

2.     Upon information and belief, and as averred in its Complaint, Titanide Ventures, LLC ("Titanide") is a corporation incorporated under the laws of the State of Texas and has its principal place of business at 911 NW Loop 281, Suite 211-30, Longview, TX 75604.

## NATURE OF THE COUNTERCLAIMS

3. These are counterclaims for declaratory judgment that HP Enterprise does not infringe, directly or indirectly, U.S. Patent No. 6,714,968 ("the '968 patent") or U.S. Patent No. 6,735,623 ("the '623 patent") and that the claims of the '968 and '623 patents are invalid and unenforceable.

4. Titanide alleges in its Complaint in this action that it is "the owner and assignee of all right, title and interest in and to" the '968 and '623 patents. Titanide further alleges that HP Enterprise infringes the '968 and '623 patents. HP Enterprise denies that it infringes any valid claim of the '968 or '623 patent.

5. As a consequence of the foregoing, there is an actual and justiciable controversy between HP Enterprise and Titanide.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over Titanide because, among other things, Titanide has submitted to the jurisdiction of the Court by the filing of its Complaint in this case. Venue is proper under 28 U.S.C. § 1391.

## HP ENTERPRISE'S FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '968 PATENT

8. HP Enterprise repeats and re-alleges the allegations set forth in Paragraphs 1 through 7, above, as if set forth in full herein.

9. HP Enterprise has not infringed and does not infringe, directly or indirectly, any claim of the '968 patent.

10. Titanide' allegations of infringement against HP Enterprise have created an actual and justiciable controversy with HP Enterprise, and HP Enterprise is entitled to a declaration of noninfringement to resolve this controversy.

### HP ENTERPRISE'S SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '968 PATENT

11. HP Enterprise repeats and re-alleges the allegations set forth in Paragraphs 1 through 7, above, as if set forth in full herein.

12. One or more claims of the '968 patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*.

13. Titanide' allegations of infringement against HP Enterprise have created an actual and justiciable controversy with HP Enterprise, and HP Enterprise is entitled to a declaration of invalidity to resolve this controversy.

### HP ENTERPRISE'S THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '623 PATENT

14. HP Enterprise repeats and re-alleges the allegations set forth in Paragraphs 1 through 7, above, as if set forth in full herein.

15. HP Enterprise has not infringed and does not infringe, directly or indirectly, any claim of the '623 patent.

16. Titanide' allegations of infringement against HP Enterprise have created an actual and justiciable controversy with HP Enterprise, and HP Enterprise is entitled to a declaration of noninfringement to resolve this controversy.

### HP ENTERPRISE'S FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '623 PATENT

17. HP Enterprise repeats and re-alleges the allegations set forth in Paragraphs 1 through 7, above, as if set forth in full herein.

18. One or more claims of the '623 patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*.

19. Titanide' allegations of infringement against HP Enterprise have created an actual and justiciable controversy with HP Enterprise, and HP Enterprise is entitled to a declaration of invalidity to resolve this controversy.

## PRAYER FOR RELIEF ON TITANIDE'S COMPLAINT

WHEREFORE, Defendant HP Enterprise asks the Court to enter judgment granting the following relief:

1. Denial of Titanide's request that HP Enterprise be found to have infringed the '968 and '623 Patents;

2. Denial of Titanide's request for an injunction against HP Enterprise as to the '968 and '623 Patents;

3. Denial of Titanide's request for damages relating to the '968 and '623 Patents;

4. Denial of Titanide's request for enhanced damages;

5. Denial of Titanide's request that the case be declared exceptional pursuant to 35 U.S.C. § 285 as well as denial of Titanide's request for attorneys' fees;

6. Denial of Titanide's request for other and further relief;

7. Dismissal of Titanide's claims with prejudice and that Titanide take nothing therefrom;

8. Enter judgment in favor of HP Enterprise and against Titanide on all counts in HP Enterprise's counterclaims;

9. Declare that HP Enterprise does not and has not infringed, directly or indirectly, the '968 and '623 patents;

10. Declare that the '968 and '623 patents are invalid;

11. Award HP Enterprise its attorneys' fees and costs;

12. Permanently enjoin Titanide, its successors, assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '968 and '623 patents against HP Enterprise or any parents, affiliates, or subsidiaries thereof, or HP Enterprise's respective officers, agents, employees, successors, assigns, or customers;

13. Declare this case exceptional if warranted; and

14. Grant such other further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED AS TO ALL ISSUES SO TRIABLE

Dated: August 5, 2011

Respectfully Submitted,

By: */s/ Steven R. Daniels*
Bryan Farney, Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
George W. Webb III
Texas State Bar No. 24003146
FARNEY DANIELS, LLP
800 S. Austin Ave, Suite 200
Georgetown, TX  78626
Telephone:    (512) 582-2828
Facsimile:     (512) 582-2829
Email: bfarney@farneydaniels.com
Email: sdaniels@farneydaniels.com
Email:  gwebb@farneydaniels.com

**COUNSEL FOR DEFENDANT
HP ENTERPRISE SERVICES, LLC**

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel of record who have consented to electronic service as this district requires.  Local Rule CV-5(a)(3)(A).

*/s/ Steven R. Daniels*
